**IN THE COURT OF APPEALS OF IOWA**

No. 19-1709
Filed January 9, 2020

**IN THE INTEREST OF A.L., A.L., and A.L.,**
**Minor Children,**

**T.L., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Jones County, Deborah Farmer

Minot, District Associate Judge.

        A father appeals the termination of his parental rights to three children.

**AFFIRMED.**

        Andrew R. Wiezorek of Jacobson, Johnson and Wiezorek, P.L.C., Cedar

Rapids, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Robert W. Davison, Cedar Rapids, attorney and guardian ad litem for minor

children.

        Considered by Vaitheswaran, P.J., and Mullins and Greer, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to twins born in 2017 and a third child born in 2018.[1] He contends termination was not in the children's best interests, the district court should have granted an exception to termination based on the parent-child bond, and the court should have given him six additional months to work toward reunification.

The department of human services intervened after the father was arrested and charged with assaulting the mother and the mother was arrested and charged with possession of drug paraphernalia. The district court ordered the children's removal from parental custody, and the parents stipulated to their adjudication as children in need of assistance. The children remained out of the parents' custody throughout the child-in-need-of-assistance and termination proceedings.

The district court terminated parental rights pursuant to Iowa Code section 232.116(1)(h) (2019), which requires proof of several elements, including proof the children could not be returned to parental custody. The father does not challenge the State's proof of the elements of this statutory provision.

Termination also had to be in the children's best interests. *See* Iowa Code § 232.116(2). The father argues the standard was not satisfied because he "was submitting to drug tests while the CINA case was pending," he "had completed intake for" a domestic abuse treatment program "but was unable to start classes," "[t]he children were not suffering adverse effects," he "was visiting with his children

---

[1] The mother's parental rights were also terminated. She did not appeal.

throughout this case," and he "struggled with transportation throughout the case which hindered his ability to progress." We are unpersuaded by these arguments.

The department reported that the children were "completely dependent on caretakers to meet their needs" and domestic-violence and substance-abuse concerns posed threats of maltreatment. The father admittedly failed to participate in classes to address domestic abuse, albeit through no fault of his own. He also failed to obtain a mental-health evaluation or address his outsize anger issues. The department of human services afforded him twelve opportunities to undergo drug tests. He did not submit to any. Although he underwent four drug tests administered by his probation officer, only one was negative for illegal substances. He failed to complete a substance-abuse evaluation and admitted to relapsing on methamphetamine and marijuana.

We turn to the father's contention that the children experienced no adverse effects as a result of his conduct. In fact, the guardian ad litem reported that two of the children suffered "developmental delays." Although all three children were doing well at the time of the termination hearing, the father could take little credit for their progress. He was jailed for a portion of the time and, when he was not incarcerated, he only attended eleven supervised visits with his children, of the twenty-seven that were offered. There is scant if any evidence that the father informed the department of transportation difficulties or sought assistance in attending the visits, despite an admonition that he "must come forward and request . . . services" he believed would assist him in achieving reunification. On our de novo review, we conclude the father failed to address the safety concerns that

precipitated removal of the children from his custody and, accordingly, termination of his parental rights was in the children's best interests.

The district court declined to invoke an exception to termination based on the parent-child bond. *See id.* § 232.116(3)(c). The court stated, there was "no evidence of a strong, trusting parental bond with the father due to his failure to attend visits regularly when he was free to do so, and due to his recent period of incarceration." The record supports the court's finding. The visit supervisor testified the father attempted to play with the children, but they showed a greater attachment to her than to him. Given the father's inconsistent attendance at the twice-weekly visits, the children's reluctance to engage with him was not surprising. On our de novo review of the record, we agree with the district court's decision to not apply section 232.116(3)(c).

The district court also declined the father's request for additional time to work toward reunification. The court cited the parents' "failure to take advantage of services in the past, their poor history of response to services, and their long history of severe problems with substance abuse, criminal behavior, and domestic violence." The father asserts that he could benefit from additional time, given his recent release from jail. For the same reasons as the district court cited, we conclude additional time was not warranted.

We affirm the termination of the father's parental rights to his children.

**AFFIRMED.**